UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMELDA CAPUTI, | CASE NO. 1:11-cv-01579-AWI-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| FRESNO COUNTY SUPERIOR COURT, et al., | |
| Defendants. | (Doc. 1) |

**Screening Order**

Plaintiff Imelda Caputi, proceeding *pro se* and in *forma pauperis*, filed this complaint on September 19, 2011, alleging civil rights claims pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e)), The Americans with Disabilities Act, The Genetic Information Nondiscrimination Act, and The Age Discrimination in Employment Act. Plaintiff generally alleges "retaliation, harassment, etc." This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

**I.     Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious*,* that the actions states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

1

## II. Factual and Procedural Background

According to the complaint and its appended documents, Defendant employed Plaintiff as an interpreter from 1980 until April 19, 2010, when Plaintiff became ill. Because of her serious health or medical condition, Plaintiff then took a leave of absence pursuant to the Family and Medical Leave Act and the California Family Rights Act. Plaintiff exhausted all leave available under those acts on July 12, 2010. She then contacted Defendant to request a medical leave of absence of unspecified duration.

In a letter dated September 24, 2010, Senior Human Resources Analyst Michelle Ramos outlined events relevant to Plaintiff's request for a medical leave of absence. Doc. 1 at 4-5. Upon receipt of Plaintiff's July request, Defendant advised Plaintiff that she would need to file a current physician statement setting forth the reason and expected duration of her absence from work. In a note received July 6, 2010, Michael Kruger, D.O., wrote to Defendant: "Ms. Caputi was in our office today for cardiovascular testing. She will return for test results and further recommendation on 7/30/10." In a note received July 7, 2010, nurse practitioner Rafael Camarena, N.P., of the office of internist Patrick Golden, M.D., wrote: "Please excuse from work 5/1/11. Unable to return due to [*undecipherable*] current plan of needs to be modified." Defendant deemed these notes insufficient to consider Plaintiff's request for a continued leave of absence. Accordingly, Plaintiff authorized Defendant to contact her treating physicians to clarify the previously submitted notes and to assess her leave request.

In a note received August 27, 2010, Camarena wrote: "Mrs. Caputi is medically disabled and unable to return to work–indefinite. Pt. has extensive/complex medical problems that need to be controlled." Defendant interpreted this note as indicating that Plaintiff was permanently unable to return to work. Accordingly, Ramos informed Plaintiff that Defendant would begin the process of medical separation on October 12, 2010.

The California Department of Fair Employment & Housing (DFEH) closed Plaintiff's case and issued its right-to-sue notice on January 24, 2011.

///

///

On July 6, 2011, the EEOC issued a dismissal and notice of rights, indicating that:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

Doc. 1 at 2.

The notice specified that Plaintiff had ninety days to file suit. On July 19, 2011, the EEOC adopted DFEH's findings.

Plaintiff filed a complaint on September 19, 2011.

### III.   Pleading Standards

In preparing her amended complaint, Plaintiff is encouraged to focus on the standard set forth in Fed. R. Civ. P. 8(a). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

"A short and plain statement of the claim showing that the pleader is entitled to relief"

contemplates a simple and straightforward, but complete, account of the relevant occurrences, actors, and resulting damages.  Irrelevant information should be omitted, and the Plaintiff should not use the complaint as a forum for personal attacks on any of the actors.

If Plaintiff chooses to amend the complaint, as she is permitted to do pursuant to this order, she must correlate her claims for relief with the factual basis underlying each one.  To accomplish this objective, Plaintiff may find it helpful to set forth each claim individually, followed by relevant supporting factual allegations.  Plaintiff must identify and omit any irrelevant or unnecessary facts and duplicative or unsupported claims to enable the Court to evaluate her claims and the facts supporting each one.

## IV.   Attachments to Complaint

Instead of setting forth the facts supporting each of her many claims, Plaintiff has attached a variety of documents to her complaint.  The Court is not a repository for the parties' evidence. Originals or copies of evidence are properly submitted when the course of the litigation brings the evidence into question (as upon a summary judgment motion, at trial, or upon the Court's request). During the screening process, which Plaintiff's complaint is now undergoing, Plaintiff is required only to state a prima facie claim for relief. Submission of evidence is premature. Accordingly, a plaintiff should state fully the facts supporting her claims against the defendant and refrain from attaching exhibits to the complaint.

When screening a plaintiff's complaint, the Court must assume the truth of the factual allegations. Submitting exhibits to support the complaint's allegations is generally unnecessary. When a plaintiff is compelled to submit exhibits with a complaint, such exhibits must be attached to the complaint and incorporated by reference. Fed. R. Civ. Proc. 10(c). Plaintiff is cautioned that, in determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits as was necessary to screen Plaintiff's initial complaint here.

///

///

## V.   Plaintiff's Claims

4

**A.     Discrimination**

To establish a cause of action for discrimination, Plaintiff must allege the elements of a prima facie claim: (1) Plaintiff was a member of a protected class; (2) she was performing competently in the position she held; (3) she suffered an adverse employment action such as termination, demotion, or denial of a promotion, and (4) the circumstances suggest a discriminatory motive. *Chuang v. University of California Davis, Board of Trustees*, 225 F.3d 1115, 1123-24 (9th Cir. 2000); *Washington v. Garrett*, 10 F.3d 1421, 1434 (9th Cir. 1993); *Sneddon v. ABF Freight Systems*, 489 F.Supp.2d 1124, 1129 (S.D.Cal. 2007); *Brandon v. Rite Aid Corp, Inc.*, 408 F.Supp.2d 964, 973 (E.D.Cal. 2006); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 355 (2000). Claims under Title VII and the Fair Employment and Housing Act (California Government Code §§ 12900 et seq.) ("FEHA") are subject to the same analysis. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000).

A plaintiff bears the initial burden of demonstrating actions by the employer which a fact finder could conclude were more likely than not based on an impermissible discriminatory criterion. *Clark v. Claremont University Center*, 6 Cal.App.4th 639, 663 (1992). A cognizable claim of discrimination also requires allegations of circumstances that suggest a discriminatory motive. Plaintiff alleges that she was discharged based on her age as a pretext for denying her pension, but alleges no facts supporting that legal conclusion. As presently constituted, the complaint does not allege a cognizable claim of discrimination.

**B.     Retaliation**

To establish a prima facie case of retaliation, a plaintiff must allege that (1) he or she engaged in protected activity; (2) he or she suffered an adverse employment action; and (3) there was a causal link between the activity and the employment decision. *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004); *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2003); *Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590, 615 (1989); *Morgan v. Regents of University of California*, 88 Cal.App.4th 52, 69 (2000). In California, FEHA makes it unlawful for any employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Government Code § 12940(h). To allege a violation of FEHA

by retaliation, a plaintiff must allege that she engaged in a protected activity, that her employer subjected her to an adverse employment action, and that a causal link existed between the protected activity and the adverse action. *Yankowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042 (2005). Under California law, proving unlawful retaliation under FEHA is the same as proving retaliation under Title VII. *Flait v. North Amer. Watch Corp.*, 3 Cal.App.4th 467, 475-76 (1992).

"To establish causation, the plaintiff must show by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the adverse employment decision and that but for such activity the decision would not have been made." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). "The causal link may be established by an inference derived from circumstantial evidence, 'such as the employer's knowledge that the [plaintiff] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision.'" *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988), *cert. denied*, 488 U.S. 1006 (1989), *quoting Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987). "[W]hen adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred." *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 507 (9th Cir. 2000).

The complaint includes no more than a bare allegation of retaliation. In her amended complaint, Plaintiff must set forth specific factual allegations supporting the elements of retaliation.

**C.    Harassment**

Although federal statutes consider harassment to be a form of discrimination, California's Fair Employment and Housing Act (FEHA) (California Government Code § 12940(j)) addresses harassment separately. In recognition of this distinction, California courts distinguish harassing acts from discriminatory acts. *Roby v. McKesson Corp.*, 47 Cal.4th 686, 761 (2009); *Reno v. Baird*, 18 Cal.4th 640, 645-46 (1998). The elements of a cause of action for harassment under FEHA are (1) the plaintiff belongs to a protected group; (2) the plaintiff was subject to unwelcome harassment because of his or her membership in that group; and (3) the harassment was sufficiently severe or persuasive to alter the conditions of employment and create an abusive work environment. *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 130 (1999), *cert. denied*, 529 U.S. 1138 (2000). In general, harassment does not

6

include "commonly necessary personnel management actions such as hiring and firing . . . . ." *Reno*, 18 Cal.4th at 646-47, *quoting Janken v.GM Hughes Electronics*, 46 Cal.App.4th 55, 64 (1996).

The complaint does no more than refer to a claim of harassment without presenting any supporting facts. The Court will not speculate on the nature of Plaintiff's harassment claim. If Plaintiff elects to include a claim for harassment in her amended complaint, she must allege facts supporting each element of a cause of action for harassment.

### D. Claims Under Other Statutes

As noted above, the complaint refers to claims under Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, and the Age Discrimination in Employment Act. Each of these statutes is broadly detailed, providing multiple possibilities for a claim. Because Plaintiff does no more than list these statutes, the Court cannot determine what claim(s) Plaintiff intended to make pursuant to each statute. In her amended complaint, Plaintiff must allege her specific claim(s) under each statute and set forth sufficient factual allegations to support each claim.

## VI. Conclusion and Order

As presently constituted, Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did in relation to each of Plaintiff's claimed causes of action. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying her legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendant to her claims.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior

7

or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and
3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:   October 14, 2011**                        /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE