1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10   IMELDA CAPUTI,                                    )      11-cv-01579-AWI-BAM
                                                       )
11                                                     )      ORDER DENYING PLAINTIFF'S MOTION
                 Plaintiff,                            )      FOR APPOINTMENT OF COUNSEL
12                                                     )
           v.                                          )
13                                                     )
     FRESNO COUNTY SUPERIOR COURT,                     )
14                                                     )
                 Defendants.                           )
15   _____        )

16

17

18                            **INTRODUCTION**

19        Plaintiff Imelda Caputi, proceeding pro se and in forma pauperis, has alleged claims

20   against Defendant Fresno County Superior Court, claiming wrongful termination, age

21   discrimination and Title VII violations.  On October 31, 2011, Plaintiff filed a document which

22   inquired as to whether the Court has "any help or free attorney to assist people like [Plaintiff]."

23   (Doc. 7.)  The Court has taken this submission as a Motion to Appoint Counsel.

24                            **DISCUSSION**

25        Plaintiff does not have a constitutional right to appointed counsel in this action (*Rand v.*

26   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to

27

28                                            1

1   represent plaintiff pursuant to Title 28 of the United States Code section 1915(e)(1).  *Mallard v.*

2   *United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct.

3   1814, 1816 (1989). In certain exceptional circumstances, however, the Court may request the

4   voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand v. Rowland*, 113 F.3d 1520,

5   1525 (9th Cir. 1997).  In determining whether "exceptional circumstances exist, the district court

6   must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to

7   articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal

8   quotations & citations omitted).

9        In the present case, the Court does not find the required exceptional circumstances. Even

10   if it is assumed that Plaintiff is not well versed in the law and that she has made serious

11   allegations which, if proved, would entitle her to relief, her case is neither exceptional nor overly

12   complex. As Plaintiff's Complaint was dismissed with leave to amend on October 18, 2011, the

13   Court does not find, at this time, that there is a likelihood of success on the merits. (Doc. 6.)

14   Furthermore, because the nature of Plaintiff's claims do not appear to be overly complex, the

15   Court does not find it would be unreasonably difficult for Plaintiff to articulate her claims.

16                                   **CONCLUSION**

17        For the reasons set forth above, Plaintiff 's motion for the appointment of counsel is

18   hereby DENIED.

19        Plaintiff is required to file her amended complaint pursuant to the Court's October 18,

20   2011 Order.  Failure to comply with the Court's Order will result in a recommendation that the

21   case be dismissed.

22        IT IS SO ORDERED.

23   **Dated:    November 16, 2011**              **/s/ Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28                                        2